# Isabella Lawley's Appeal.

## Murtey Lawley's Appeal.

A widow cannot claim her exemption of $300 under the act of April 14, 1851, and its supplements, after the administrator or executor, there being no personalty, has sold the decedent's real estate for the payment of his debts.

(Argued April 20, 1887.  Decided May 2, 1887.)

July Term, 1886, No. 47½, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, GREEN, and CLARK, JJ.  Appeal from a decree of the Orphans' Court of Montgomery County confirming the sale of a decedent's real estate.  Affirmed.

Murtey Lawley died July 30, 1884, leaving a widow and several children, and a will in which he appointed Michael Murray his executor.

The executor refused to act, and a citation was thereupon served on the widow and children of the decedent, on the petition of one of his creditors, to appear before the register of wills of Montgomery county and take out letters of administration *c. t. a.* The widow and children refused to administer, and at their solicitation and request James E. Miller was appointed administrator *c. t. a.* by the register of wills, February 16, 1885.

There being no personal estate the administrator, on November 20, 1885, petitioned the orphans' court to sell the real estate of the decedent for the payment of debts.  The petition was granted; the property was sold for $200, and the return was filed January 18, 1886.

---

NOTE.—The right of the widow to her exemption may be lost by delay. Donoghue's Estate, 7 Pa. Co. Ct. 319; Fox's Estate, 5 Kulp, 218; Davey's Estate, 9 Pa. Co. Ct. 125; Fassold's Estate, 4 Lack. Jur. 37.  Thus, if she claims the same from the realty after the order of sale.  Rowe's Estate, 11 Kulp, 32.  But the rule is otherwise where no sale has been made, and no rights of other parties have intervened.  Koppenheffer's Estate, 27 Pa. Co. Ct. 101; Weir's Estate, 10 Pa. Co. Ct. 187, 28 W. N. C. 268, 48 Phila. Leg. Int. 277.  The right to determine the reasonableness of the delay is exclusively in the orphans' court.  Neill v. Kuhn, 15 Pa. Co. Ct. 565.

During all this time the widow made no claim for her exemption.

After the return to the order of sale was filed the widow filed the following exceptions:

1. The real estate, consisting of about one-fourth acre with two-story house thereon, was sold by said James E. Miller, administrator *c. t. a.*, on an order of said court, as appears by the order of and his return to said court, made January 18, 1886, to one Ellen Kearns for the price or sum of $200, which sum is inadequate and far below the value of the property, which was appraised at $375, as she is informed.

2. The exceptant, the widow of the decedent, claims that she was never cited to elect to take or refuse to take under the will of the decedent; that she is ignorant of her duties and of her rights, and she claims the exemption allowed her as the widow under the acts of assembly in such case made and provided; that she is very aged and poor, and she demands an appraisement under the exemption law of 1851 and its several supplements.

In the depositions taken upon the exceptions the exceptant testified, *inter alia,* as follows:

"I can't say how old I am; I might be sixty or so; my husband, Murtey Lawley, is dead; I claim the benefit of the exemption or $300 law out of his estate; he left nothing but a little house and a little lot of land; I did not claim it before you (Mr. Corson) filed my petition, or rather exceptions to the sale, in court, because I did not know any better, and I thought the law would give it to me without my making any claim for it; I can neither read nor write; I was never told before the sale of the lot that I had to make a claim to get my rights; my brother told me I had to claim the $300 law to get my claim, and then I was advised to employ you (Mr. Corson) as my lawyer." . . .

*Q.* Mrs. Lawley, before Mr. Miller administered, did not I (Mr. Tracy) tell you you could claim the exemption, and you could get the property so that the children would have nothing to do with it?

*A.* I said I would not have anything to do with it, the property should be sold; nothing was said about the $300 law, before God; nothing till my brother told me to do it after the sale, or I would have attended to it.

Mr. Tracy testified, *inter alia,* as follows.

"Before letters of administration were granted, I saw Mrs. Lawley and told her the estate would have to be settled up; I told her she could claim the exemption, and that the property could be fixed so the children would have no claim on it; she says, 'I will have nothing to do with it; it will have to be sold.' "

Upon dismissing the exceptions and confirming the sale, BOYER, P. J., delivered the following opinion:

These exceptions are on the part of the widow of decedent, who claims that the property ought not to have been sold, but appraised to her at least to the extent of $300 under the act of assembly entitling a widow to have appraised and set apart to her $300 worth of the estate of her deceased husband. But unfortunately she never made such claim until after the administrator had obtained an order from the orphans' court to sell the property for the payment of debts, and actually advertised and sold the same at public sale. Under all the authorities upon the subject she is now too late. It would even do her no good to have the present sale set aside, for the expenses of the proceedings have been already incurred; and she is no longer in a situation to claim her exemption. I cannot help thinking, however, that the administrator ought to have been at greater pains to explain to her her rights as widow, although there is no express provision of law commanding him so to do. The decisions excluding her from her right to have the property appraised for her benefit at this time are, however, too unqualified and uniform to be disregarded. And now, April 2, 1886, the exceptions are dismissed and the sale confirmed.

The assignment of error specified the action of the court in dismissing the exceptions filed by the appellant and in refusing to allow her claim to the exemption provided by law for her as widow of decedent.

*George N. Corson,* for appellant.—"The widow or the children of any decedent dying within this commonwealth, testate or intestate, may retain either real or personal property belonging to said estate to the value of $300, and the same shall not be sold, but suffered to remain for the use of the widow and family; and it shall be the duty of the executor or administrator of such decedent to have the said property appraised in the same

manner as is provided in the act passed the 9th of April, in the year 1849, entitled 'An Act to Exempt Property to the Value of $300 from Levy and Sale on Execution and Distress for Rent' —provided that this section shall not affect or impair any liens for the purchase money of such real estate. And the said appraisement, upon being signed and certified by the appraisers and approved by the orphans' court, shall be filed among the records thereof." Act of April 14, 1851, P. L. 613.

This act is positive and requires no election by the widow. Then comes the act of April 8, 1859, P. L. 425, giving her the right to elect to retain the same, or any part thereof, out of any bank note, money, etc. "And that in all cases hereafter where property shall be set apart for the widow, . . . of any decedent, the same shall be appraised and set apart to said widow and children by the appraisers of the other personal estate of said decedent.

*Henry M. Tracy,* for appellee.—A demand for an appraisement is too late after the administrator has incurred expenses in proceedings to effect a sale of the real estate. Rhone, Orphans' Court Pr. 295; Davis's Appeal, 34 Pa. 256; Baskin's Appeal, 38 Pa. 65; Tibbin's Estate, 5 Phila. 100; Neff's Appeal, 21 Pa. 243; Cranse's Estate, 6 Phila. 71, 72; Somers's Estate, 9 W. N. C. 559; Hufman's Appeal, 81 Pa. 329; Hunt's Appeal, 12 W. N. C. 562.

It was no part of the duty of the administrator to set aside the widow's exemption until after demand made. Williams's Appeal, 92 Pa. 71; Neff's Appeal, 21 Pa. 243.

Laches or negligence destroys the title to relief. Scott's Appeal, 17 W. N. C. 440; Cremer's Estate, 7 W. N. C. 544.

PER CURIAM:
To entitle a widow to $300 worth of property she must make the claim at a proper time. In this case she not only refrained from making any such claim, but urged the administrator to sell the property, saying she would have nothing to do with it. After he had obtained an order from the orphans' court to sell the property for the payment of the debts of the decedent, and actually sold the same, her claim came too late, although it was made before confirmation of the sale by the court.

Decree affirmed and appeal dismissed, at the costs of the appellant.